William D. Hyslop
United States Attorney
Eastern District of Washington
Caitlin Baunsgard
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 08, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>BRENDAN TAYLOR HULL,<br><br>Defendant. | 1:20-CR-2048-SMJ<br>INDICTMENT<br><br>Vio.: 18 U.S.C. § 1951(a),<br>Robbery Affecting Commerce<br><br>Forfeiture Allegations<br>18 U.S.C. § 981,<br>18 U.S.C. § 924,<br>28 U.S.C. § 2861 |

The Grand Jury charges:

1. At all times material to this Indictment, El Mercado Latino II, a business located at 718 S. 6th Street, Yakima, Washington, in the Eastern District of Washington, and its employees, were engaged in the sale of various types of merchandise, to include tobacco made and produced outside of Washington and transported to Washington from outside the State, as well as other items, all bought, sold, transferred, and offered for sale in interstate and forfeign commerce and in an industry which affects interstate and foreign commerce.

2. The term "commerce" is defined in 18 U.S.C. § 1951 as commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same

INDICTMENT - 1

State through any place outside such State; and, all other commerce over which the United States has jurisdiction.

3. The term "robbery" is defined in 18 U.S.C. § 1951 as the unlawful taking or obtaining of personal property from the person or in the presence of another, against his or her will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his or her person or property, or property in his or her custody or possession, or the person or property of a relative or member of his or her family or of anyone in his or her company at the time of the taking or obtaining.

4. On or about December 1, 2019, in Yakima, Washington, in the Eastern District of Washington, the Defendant, BRENDAN TAYLOR HULL, did unlawfully obstruct, delay, and affect, commerce, as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, in that Defendant, BRENDAN TAYLOR HULL, did knowingly and willfully take and obtain personal property, to wit: U.S. Currency, in the presence of an employee of El Mercado Latino II, against the employee's will, when the employee had custody of the property, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person, to wit: by the Defendant, BRENDAN TAYLOR HULL, brandishing a firearm and directing the employee to give the Defendant, BRENDAN TAYLOR HULL, property of the business to include U.S. Currency, and by the Defendant, BRENDAN TAYLOR HULL, taking such property, all in violation of 18 U.S.C. § 1951(a).

## NOTICE OF CRIMINAL FORFEITURE

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of a violation of 18 U.S.C. § 1951(a), as set forth in this Indictment, the Defendant, BRENDAN TAYLOR HULL, shall forfeit to the United States of America, any

property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

If any of the property described above, as a result of any act or omission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

Pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), upon conviction of an offense in violation of 18 U.S.C. § 1951(a), as set forth in this Indictment, the Defendant, BRENDAN TAYLOR HULL, shall forfeit to the United States, any firearms and ammunition involved in the commission of the offense

DATED this ___ day of December, 2020.

A TRUE BILL

William D. Hyslop
United States Attorney

Caitlin Baunsgard
Assistant United States Attorney

INDICTMENT - 3