FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Caitlin Baunsgard
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

APR 29 2021

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRENDAN TAYLOR HULL,

Defendant.

1:20-CR-2048-SMJ

PLEA AGREEMENT PURSANT TO
FED. R. CRIM. 11(C)(1)(C)

Plaintiff, United States of America, by and through Joseph H. Harrington,

Acting United States Attorney for the Eastern District of Washington, and Caitlin

Baunsgard, Assistant United States Attorney for the Eastern District of Washington,

and Defendant, BRENDAN TAYLOR HULL, and the Defendant's counsel, Jeremy

Sporn, agree to the following Plea Agreement:

1.    <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant, BRENDAN TAYLOR HULL, agrees to plead guilty, pursuant

to Fed. R. Crim. P. 11(c)(1)(C), to the Indictment charging the Defendant with

Robbery Affecting Commerce, in violation of 18 U.S.C. § 1951(a). The Defendant

understands this charge is a Class C felony which carries a term of up to 20 years

imprisonment; a fine not to exceed $250,000; not more than 3 years of supervised

release; restitution; and a $100.00 special penalty assessment. The Defendant

PLEA AGREEMENT - Page 1

understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2.    The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant understands and acknowledges that he may withdraw from this Plea Agreement, and have the option to withdraw his guilty plea, if the Court imposes a term of incarceration of more than 78 months. The Defendant further understands the United States can withdraw from this Plea Agreement if the Court sentences the Defendant to less than 60 months.

3.    Waiver of Constitutional Rights:

The Defendant, BRENDAN TAYLOR HULL, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a).    The right to a jury trial;

(b).    The right to see, hear and question the witnesses;

(c).    The right to remain silent at trial;

PLEA AGREEMENT - Page 2

(d).   The right to testify at trial; and

(e).   The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4.    Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Robbery Affecting Commerce, in violation of 18 U.S.C. § 1951(a), the United States would have to prove beyond a reasonable doubt the following elements:

(a)    First, on or about December 1, 2019, in the Eastern District of Washington, the Defendant knowingly and willfully obtained property from another without that person's consent;

(b)    Second, the Defendant did so by the wrongful use of threatened force, violence and fear; and,

(c)    Third, as a result of the Defendant's actions, interstate commerce and an item moving in interstate commerce was obstructed and affected.

5.    Statement of Facts and Stipulation:

The United States and the Defendant stipulate and agree that the United States could prove these facts beyond a reasonable doubt at trial; these facts are accurate; and these facts constitute an adequate factual basis for BRENDAN TAYLOR HULL's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this Plea Agreement. The parties further agree and stipulate that this factual basis is simply a summary to

PLEA AGREEMENT - Page 3

support the plea, it does not contain all facts which could be proven by the United States.

On December 1, 2019, an individual, later identified as the Defendant, BRENDAN TAYLOR HULL, and a second individual, later identified as a juvenile, entered the El Mercado Latino II, in Yakima, Washington with the intent to rob it. Upon entry, the Defendant produced what appeared to the clerk to be a firearm, brandished it in the direction of a female store employee, and demanded the cash from the till at those premises. The store employee complied, and at what the store employee believed to be gun point, opened the till. When the Defendant and juvenile were distracted by retrieving the U.S. Currency from the cash register, the clerk ran and hid in the bathroom. After they retrieved the U.S. Currency from the till, the Defendant and the juvenile left the location on foot. The clerk then called 911.

The Yakima Police Department ("YPD") responded to the area. Surveillance camera footage from the interior of the store captured the incident. These imagines included the Defendant's unique tattoos and identifiable shoes.

The assigned YPD Detective received information from the state prison system that the Defendant had confessed to this robbery to a fellow inmate. The YPD Detective subsequently conducted a post-*Miranda* interview with the Defendant, who, in summary, admitted to the robbery.

The El Mercado Latino II sells a variety of commerce items, to include those manufactured outside the State of Washington, and those items thereby travelled in interstate commerce to Washington.

6.    The United States Agrees Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of

PLEA AGREEMENT - Page 4

Defendant's conduct involving illegal activity charged in the Indictment in this matter, unless the Defendant breaches this Plea Agreement any time before sentencing.

7. <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG" or "Sentencing Guidelines") are applicable to this case and that the Court will determine the Defendant's applicable Sentencing Guidelines range at the time of sentencing. The following calculations are the estimates of the United States and the Defendant. The Defendant understands that the Court is not bound by these estimates.

(a). *Base Offense Level*:

The United States and the Defendant agree to recommend that the Base Offense Level is 20 pursuant. *See* USSG §2B3.1(a).

(b). *Specific Offense Characteristics*:

The United States and the Defendant agree to recommend a 3-level enhancement applies as the Defendant brandished a dangerous weapon. *See* USSG §2B3.1(b)(2)(E), n. 2.

(c). *Acceptance of Responsibility*:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Agreement; and enters a plea of guilty no later than the next Pre-Trial Conference date; the United States will move for a three (3)-level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to USSG §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3)-level reduction for acceptance of responsibility if, prior to the imposition of sentence, the

PLEA AGREEMENT - Page 5

Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance..

    (d).   *Role Adjustments*:

The United States and the Defendant agree to recommend no role adjustment should apply. *See generally* USSG §§ 3B.1, 3B1.2

    (e).   *Criminal History*:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Pre-Sentence Investigative Report ("PSR"). The United States and the Defendant have made no agreement as to the criminal history category, which shall be determined after the PSR is completed.

    8.   Incarceration:

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Defendant will recommend a sentence of imprisonment of 60 months and the United States will recommend a sentence no higher than 78 months.

    9.   Fine:

The United States and the Defendant agree to recommend no criminal fine.

    10.   Restitution:

The parties agree restitution is required. *See* 18 U.S.C. §§ 3663A, and 3664. Further, pursuant to 18 U.S.C. § 3663(a)(3), the Defendant voluntarily agrees to pay the agreed upon restitution amount for all losses to all victims caused by the Defendant's individual conduct in exchange for the United States not bringing additional potential charges, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this Plea Agreement.

PLEA AGREEMENT - Page 6

(a)    *Restitution Amount and Interest*

The parties hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 3663A and 3664, the Court should order restitution in the amount of $600. The interest on this restitution amount, if any, should be waived.

(b)    *Payments*

To the extent restitution is ordered, the parties agree the Court will set a restitution payment schedule based on her financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). That being said, the Defendant agrees to pay not less than 10% of his net monthly income towards his restitution obligation.

(c)    *Treasury Offset Program and Collection*

The Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of the Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to the Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

The Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit the Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

(d)    *Notifications and Waivers*

The Defendant agrees to notify the Court and the United States of any material change in his economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect her ability to pay restitution. *See* 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

PLEA AGREEMENT - Page 7

The Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. § 3612(b)(1)(F). This obligation ceases when the restitution is paid-in-full.

The Defendant acknowledges that the Court's decision regarding restitution is final, non-appealable, and not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that is, even if the Defendant is unhappy with the amount of restitution ordered by the Court, that will not be a basis to withdraw his guilty plea, withdraw from this Plea Agreement, or appeal his convictions, sentence, or restitution order.

11.    Supervised Release:

The United States and the Defendant agree to jointly recommend that the Court impose a three (3) year term of supervised release, to include the following special conditions, in addition to the standard conditions of supervised release:

> (a). that the Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs, but not to exceed six non-treatment drug tests per month during the imposed term of supervised release; and

> (b). that the Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer.

12.    Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $100 mandatory special penalty for each count of conviction to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13.    Payments While Incarcerated:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

PLEA AGREEMENT - Page 8

14.    <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

15.    <u>Waiver of Appeal and Collateral Attack Rights</u>:

In return for the concessions that the United States has made in this Plea Agreement, the Defendant agrees to waive his right to appeal his conviction and sentence if the Court accepts this Plea Agreement.

The Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentencing, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not known by the Defendant, and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes sentence.

Should the Defendant successfully move to withdraw from this Plea Agreement or should the Defendant's conviction on the Indictment be dismissed, set aside, vacated, or reversed, this Plea Agreement shall become null and void; the United States may prosecute the Defendant on all available charges involving or arising from the conduct alleged in this Indictment.  Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255.

16.    <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case.  This Plea Agreement is binding

PLEA AGREEMENT - Page 9

only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Joseph H. Harrington
Acting United States Attorney

_Benj. H_   B. Seal for
            C. Baunsgard                          4.29.21
_____          _____
Caitlin Baunsgard                              Date
Assistant U.S. Attorney


I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.


_Brendan taylor Hull_                     4/29/21
_____          _____
BRENDAN TAYLOR HULL                            Date
Defendant


PLEA AGREEMENT - Page 10

1
2
3
4
5
6

I have read this Plea Agreement and have discussed the contents of the agreement with my client.  The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties.  I concur in my client's decision to plead guilty as set forth in the Plea Agreement.  There is no legal reason why the Court should not accept the Defendant's plea of guilty.

7
8
9

_____          4-29-2021
Jeremy Sporn                                                Date
Attorney for the Defendant

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLEA AGREEMENT - Page 11